```
      IN THE UNITED STATES DISTRICT COURT FOR THE
              SOUTHERN DISTRICT OF GEORGIA
                   STATESBORO DIVISION
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV 621-005 |
| | * | |
| LORENZO BADGER, SR.; LORENZO | * | |
| BADGER, doing business as BMC | * | |
| Transport; and ENTERPRISE | * | |
| BANK of SOUTH CAROLINA, | * | |
| | * | |
| Defendants. | * | |

# O R D E R

Before the Court is the United States of America's motion for default judgment against Lorenzo Badger, Sr. ("Mr. Badger") and Lorenzo Badger doing business as BMC Transport ("BMC"). (Doc. 15.) Neither of these Defendants have answered, appeared, or otherwise defended this action. For the following reasons, the motion is granted.

## I. BACKGROUND

The United States brought this action to collect unpaid employment and unemployment taxes assessed against Mr. Badger and BMC and for a declaratory judgment that its tax lien is valid and enforceable against Mr. Badger with respect to his real property in Screven County, Georgia. (Compl., Doc. 1, ¶¶ 1-2.)

As of January 14, 2021, which is approximately when this action was filed, Mr. Badger as sole proprietor of BMC owed the United States $162,107.49. (Id. ¶¶ 6, 16.) This amount is a total of assessments dating back to July of 2010 plus interest and penalties. (Id. ¶¶ 12, 16.) By June 22, 2021, Mr. Badger owed $184,233.23. (Doc. 15-2.) As a result of Mr. Badger's tax liabilities, a lien arose on his property pursuant to 26 U.S.C. §§ 6321 and 6322. The lien at issue in this case pertains to Mr. Badger's property located at 466 Shady Lane, Sylvania, Georgia. (Id. ¶ 17.)

Mr. Badger acquired title to the Shady Lane property on July 23, 2004 and recorded his warranty deed with the Clerk of Superior Court of Screven County on July 26, 2004. (Id. ¶ 20.) On July 23, 2004, Mr. Badger also mortgaged the property to Enterprise Bank, which recorded its security deed in the Screven County records on July 26, 2004. (Id. ¶ 21.) On March 21, 2011, the Secretary of the Treasury filed a notice of federal tax lien with the Screven County Clerk for the assessments described above. (Id. ¶¶ 6, 16, 22.) On April 18, 2011, Mr. Badger and Enterprise Bank executed another promissory note secured by the Shady Lane property, evidence of which was recorded in the Screven County records that same day. (Id. ¶ 23.)

Mr. Badger defaulted on the mortgage. (Id. ¶ 24.) Enterprise Bank foreclosed on the Shady Lane property on May 1, 2012, but the

Internal Revenue Service was not provided notice of the non-judicial sale through which the property sold. (Id. ¶¶ 24-25.) Enterprise Bank and Mr. Badger entered into a lease in December of 2013 to allow Mr. Badger to reside at the Shady Lane property. (Id. ¶ 26.) On January 13, 2016 the parties executed a contract of sale requiring Mr. Badger to pay installments to Enterprise Bank until the full amount owed was satisfied, at which point he would regain title to the property. (Id. ¶ 27.) The United States alleges that the failure to provide it with notice of the non-judicial sale means that its lien was not extinguished. (Id. ¶ 25 (citing 26 U.S.C. § 7425(c)(1)).) On June 18, 2020, the Secretary of the Treasury refiled its notice of federal tax lien in Screven County pursuant to 26 U.S.C. §§ 6323(f) and (g). (Id. ¶ 28.)

The United States filed this lawsuit to obtain a judgment on the tax assessments and a declaratory judgment that its tax lien is valid, enforceable, and attaches to Mr. Badger's property, including the Shady Lane property. The United States sent waivers of service of process on March 1, 2021. Enterprise Bank waived service of process on March 8, 2021 and answered on April 30, 2021. Mr. Badger and BMC waived service of process on March 9, 2021 but have not answered or otherwise defended. The Clerk entered default against Mr. Badger and BMC on May 4, 2021.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 55(b), "a court may enter default judgment against a defendant when (1) both subject matter and personal jurisdiction exist, (2) the allegations in the complaint state a claim against the defendant, and (3) the plaintiff shows the damages to which it is entitled." Senn Brothers, Inc. v. Heavenly Produce Palace LLC, No. CV 119-196, 2020 WL 2115805, at * 1 (S.D. Ga. May 4, 2020) (citing Pitts ex rel. Pitts v. Seneca Sports, Inc., 321 F. Supp. 2d 1353, 1356-58 (S.D. Ga. 2004)). Final judgment is appropriate so long as "the pleadings state a substantive cause of action and contain a sufficient basis to support the relief sought." Kennedy v. NILA Invs., LLC., No. 2:19-cv-090, 2020 WL 3578362, at *1 (S.D. Ga. July 1, 2020) (citing Tyco Fire & Sec., LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007)).

Further, a "defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact" set forth in the complaint. Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1245 (11th Cir. 2015) (quoting Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1278 (11th Cir. 2005)); Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009) ("A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment,

4

and is barred from contesting on appeal the facts thus established." (internal quotations and citation omitted)).

### III. JURISDICTION AND VENUE

The Court has subject matter jurisdiction to hear this case under 28 U.S.C. §§ 1340 and 1345. Venue is proper here under 28 U.S.C. §§ 1391 and 1396 because the tax liabilities accrued in Screven County, Georgia, which is within the Southern District of Georgia.

### IV. DISCUSSION

A tax assessed by the Internal Revenue Service ("IRS") is presumed valid when supported by an IRS Form 4340, Certificate of Assessments, Payments, and Other Specified Matters. See United States v. White, 466 F.3d 1241, 1248 (11th Cir. 2006). Once the United States has established this presumption, the burden is on the taxpayer to show that the assessment is "arbitrary and without foundation." Olster v. Comm'r, 751 F.2d 1168, 1174 (11th Cir. 1985).

The United States submitted the Form 4340s encompassing the assessments at issue. (Doc. 15-1.) They are helpfully summarized in the declaration of Revenue Officer Michael Culpepper and total - as of June 22, 2021 - $184,233.23 including credits, payments, and abatements. (Doc. 15-2, ¶¶ 7, 11.) Having presented these

forms, the United States is entitled to default judgment for the $184,233.23 plus interest pursuant to 26 U.S.C. §§ 6621 and 6622.

The Complaint also states a claim for a declaratory judgment that the United States' tax lien is valid and enforceable against Mr. Badger and BMC's interest – whatever it may be – in the Shady Lane property. The lien arose pursuant to 26 U.S.C. § 6321, and according to the Complaint, no notice was provided to the United States sufficient to discharge the lien under 26 U.S.C. § 7425. Therefore, default judgment on Count II of the Complaint is also appropriate.

## V. CONCLUSION

Upon the foregoing, the United States' motion for default judgment (Doc. 15) is **GRANTED**. The Clerk is directed to **ENTER JUDGMENT** in favor of the United States in the amount of $184,233.23 against Mr. Badger and BMC Transport and declaring the United States' lien on all of Mr. Badger's Screven County property and his rights in property, including the property located at 466 Shady Lane, Sylvania, Georgia, valid and enforceable against him.

**ORDER ENTERED** at Augusta, Georgia this *13th* day of August, 2021.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA